hKLEES, Chief Judge.
In this personal injury suit, defendants, the State of Louisiana, through the Department of Transportation and Development, and C.A. Sommer, appeal a judgment in favor of plaintiffs, Elsa and Edward Perez. We affirm.
On October 18, 1992, Elsa and Edward Perez’s vehicle stalled on the Algiers ferryboat. After the Perezes requested assistance in jumping their vehicle, Cheryl Sommers (“Defendant”), a Crescent City Connection Police Officer, used the front of her vehicle to push the Perez’s vehicle off of the ferryboat. In so doing, the police vehicle’s bumper slipped over the Perez’s bumper and dented their car. Elsa Perez (“Plaintiff’) testified that the impact caused $780 of damage to their car. Plaintiff alleges that she sustained injuries to her head, neck, and back because of the Defendant’s negligence.
Plaintiff was first seen by Dr. Chris Baffes, a general practitioner, on November 17, 1992.[1] Plaintiffs complaints included neck and right shoulder pain, lower back pain, middle back pain, right arm pain and headaches. Dr. Baffes’s clinical impression was that Plaintiff suffered a cervical strain, thoracic strain, lumbar strain, and post-traumatic headaches. He prescribed medication for inflammation and muscle spasm, physiotherapy consisting of moist heat and electro-muscular stimulation and restricted her activities. He also prescribed pain medication and a muscle relaxant. Thereafter, Dr. Baffes saw Plaintiff three times in December, and once a month from January, 1993 through June of 1993. On |zMay 17, 1993, Dr. Baffes ordered a MRI of Plaintiffs cervical and lumbar spine. The MRI showed minimal bulging of the C4-5, C5-6 and L5-S1. Throughout Dr. Baffes treatment of Plaintiff, he found muscle spasms in both the lumbar and cervical regions.
Plaintiff then saw Dr. Ralph Gessner, an orthopedic surgeon, for treatment of her neck and back. Dr. Gessner treated Plaintiff from May of 1993 through December of 1998. Dr. Gessner’s impression was that Plaintiff had a cervical and lumbar strain and muscle spasm in her neck. Dr. Gessner recommended an EMG nerve conduction study. The results of the EMG taken on June 16, 1993 indicated C6-7 nerve root irritation. In June and July of 1998, Dr. Gessner repeated the EMG and MRI. Again, the tests showed the same bulging discs. Dr. Gessner diagnosed Plaintiff as having a chronic cervical strain. He recommended that Plaintiff be sent to a pain clinic to try to learn to deal with the pain.
Plaintiff also saw Dr. Gordon Nutik, an orthopedic surgeon chosen by the State of Louisiana for an independent medical examination. Upon examination, Dr. Nutik did not find muscle spasm or atrophy in Plaintiffs lumbar area. Dr. Nutik concluded that there was no evidence of any herniation or nerve impingement. Thus, he found no evidence of disability of neck, thoracic, or lumbar spine.
Following a bench trial, the trial court found that “[ujndoubtedly plaintiff sustained an injury caused by the incident of October 28, 1992, but she has had no surgery, none is recommended by any physician. She has exhibited objective signs of *915 injury in the form of cervical muscle spasm intermittently since the accident and as late as February 1995.” Accordingly, the trial court found in favor of Plaintiff and awarded the following damages:
l3General Damages $150,000.00
Past Medical Expenses $ 27,004.10
Future Medical Expenses $ 40,000.00
Loss of Earnings $ 90,000.00
Total Damages: $370,004.10
The court further awarded Edward Perez twenty-five thousand dollars ($25,000.00) for his loss of consortium claim. This appeal followed.
The appellate court’s review of factual findings is governed by the manifest error—clearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id.
Defendant alleges that Plaintiffs injuries were not the result of the October 18, 1992 accident. Specifically, Defendant argues that the medical records at the Methodist Hospital reflect that Plaintiff had symptoms of a pinched nerve and shoulder spasms on October 9,1992—nine days before the accident at issue. Further, Defendant cites Dr. Gessner’s cross examination testimony that, in light of the October 9, 1992 medical records, he could not state with “any medical certainty that the injuries that Mrs. Perez suffered was caused by this accident of October 18,-1992.”
Moranto v. Goodyear Tire & Rubber Co., a case cited by both parties on the burden of proof on the issue of causation, the plaintiff must prove by a preponderance of the evidence that the claimed injuries resulted from the accident at issue. 94-2603, 650 So.2d 757, 759 (La.1995). In this case, both the Plaintiff and Dr. Gess-ner acknowledge that Plaintiff suffered a low back problem, a slipped disc and a pinched nerve twelve years before this accident. However, the Plaintiff and Dr. Gessner testified that the back problems had resolved by the time of the October 1992 accident. Moreover, we agree with Plaintiff that the October 9, 1992 hospital records were a history taken of her 1980 back injury, especially in lieu of the fact that Plaintiff was complaining of abdominal pains when she was admitted to the Methodist Hospital. Furthermore, Dr. Baffes and Dr. Gessner consistently found muscle spasm in Plaintiffs neck and back. Dr. Gessner testified that the October 1992 accident was the cause of Plaintiffs cervical and lumbar spine problems despite Plaintiffs history of a past back injury. Dr. Gessner also testified that he has never suspected Plaintiff of exaggerating her symptoms and that he believed Plaintiff to be honest. It is worth reiterating that this case was a tried as a bench trial whereby the judge found, after hearing all of the testimony, that the Plaintiff was injured because of Defendant’s actions. After a review of the record, we fail to find manifest error in this determination that Plaintiff suffered injuries as a result of the October 18,1992 accident.
We will next consider whether the lower court erred in its imposition of general and special damage awards. An appellate court should rarely disturb a lower court’s award of damages. Merritt v. Karcioglu, 96-0431 (La.2/25/97), 687 So.2d 1002, 1004. The appellate court must find that the lower court abused its great discretion before a resort to prior awards is appropriate. Id.
| sHere, the record supports the trial court’s finding that Plaintiff “exhibited objective signs of injury in the form of cervical muscle spasm intermittently since the accident and as late as February 1995.” As stated previously, both Dr. *916 Baffes and Dr. Gessner found muscle spasm in Plaintiffs neck, mid-back and lower back. Plaintiff testified that because of her injuries, she has been in constant pain and has been unable to work. Accordingly, we do not find that the trial court abused its vast discretion when it awarded Plaintiff $150,000 in general damages.

Loss of Earnings

Defendant alleges that the $90,000.00 award for the loss of future earnings is inconsistent with the trial court’s finding that $50,000.00 “will adequately compensate plaintiff for the present value of future earning capacity.” However, the Defendant has misstated the trial court’s finding. The trial court awarded $40,-000.00 for the loss of earning capacity at the minimum wage level from the date of the accident until the day of trial and an award of $50,000.00, based on the minimum wage, for the present value of future earning capacity. Therefore, we cannot say that the trial court was manifestly erroneous in awarding Plaintiff $90,000.00 for loss of earnings.

Future Medical Expenses

Defendant alleges that the $40,-000.00 for future medical treatment lacks any basis in the record. We find no merit to Defendant’s argument. The evidence reflects that Dr. Gessner recommended that Plaintiff continue to see a physician on a monthly basis. He also suggested that Plaintiff be sent to a pain clinic to help control the pain and to get her off of some of the medications. Dr. Gessner testified that the cost of the pain clinic would probably be $36,000.00 to | fi$40,000.00. Accordingly, we find the trial court did not abuse its discretion in awarding $40,000.00 for future medical treatment.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Because Dr. Baffes is deceased, Dr. Lacour testified on behalf of Dr. Baffes.