**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31200**
**Summary Calender**
_____

**FRANK PARKER,**

**Plaintiff-Appellee,**

**versus**

**JAMES S. FRELS; ET. AL.,**

**Defendants,**

**NATIONAL CASUALTY COMPANY; GADDY'S AMBULANCE SERVICE, INC.,**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(00-CV-599)**
_____

May 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this appeal from a $189,000 jury verdict for Plaintiff, Defendants seek a new trial, contending: the district court erred in allowing both sides' economic experts to testify as to Plaintiff's future loss of earnings; and the jury abused its discretion in awarding damages.

Frank Parker was injured when his automobile was struck from behind by an employee of Gaddy's Ambulance Service, Inc., insured

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by National Casualty Company.  In district court, Defendants: failed to move for judgment as a matter of law pursuant to Rule 50; made no motion for new trial pursuant to Rule 59; and presented no other post-judgment motions, other than to stay the judgment pending appeal.

Defendants contend the district court erred in allowing Plaintiff's expert to testify as to future loss of income, based on the assumptions that Parker will never return to any kind of gainful employment and that he will work part-time at minimum wage. Defendants assert the testimony did not "assist the trier of fact" because the uncontroverted testimony from Defendants' vocational expert established Parker would be able to find gainful employment. Needless to say, it was not manifest error for the district court to allow the experts to testify as to what Parker's lost wages would be based on assumptions concerning his ability to work. *See Love v. Nat'l Med. Enters*., 230 F.3d 765, 775 (5th Cir. 2000) (evidentiary rulings reviewed for manifest error); *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir.) (trial court given broad discretion on evidentiary rulings concerning *expert* testimony), *cert. denied*, 531 U.S. 812 (2000).

The jury returned a verdict of $189,000 for Parker, after it assessed his degree of fault as 20%.  For the first time on appeal, Defendants challenge the verdict, contending the jury abused its discretion.  Even assuming Defendants did not waive this issue by failing to raise it in district court in a motion for new trial, we afford a jury a great deal of discretion when computing damages and

2

only reverse when the verdict is contrary to right reason or shocks the judicial conscience. *See* **Franks v. Assoc. Air Center, Inc.**, 663 F.2d 583, 590 n.3 (5th Cir. 1981); *see also* **Boyle v. Poole Offshore Co., a Div. of Enserch Corp.**, 893 F.2d 713, 718 (5th Cir. 1990) ("reviewable only for abuse of discretion, and only where the verdict as to the damages is unsupported by the record").

At the time of the accident in 1998, Parker was approximately 50 years old. Prior to the accident, he was in good health, working as a laborer all his life. His doctors testified that he had a large tear of the rotator cuff of his shoulder (surgery was recommended) and a large herniation at the L3-4 level, preventing him from bending, stooping, or lifting heavy objects for the rest of his life. Parker testified he could not raise his arms or mow his yard without pain.

Parker's economic expert testified Parker's past lost income was approximately $40,000 and his future lost income would be between approximately $66,000 (if he found part-time work) and approximately $118,000 (if he could not find gainful employment). Parker's medical expenses were over $9,000, and his future medical expenses (shoulder surgery) could be between $15,000 and $40,000, depending on the complexity of the surgery.

In short, Defendants do not satisfy the high standard for obtaining a new trial because of the size of the verdict. *See, e.g.,* **Perez v. State ex rel. Crescent City Connection, Div. of Dept. of Transp. and Dev.,** 753 So.2d 913, 915-16 (La. Ct. App. 2000) (affirming $150,000 general damages award for bulging disks

when no surgery recommended); ***Goodwyne v. People's Moss Gin, Inc.***, 694 So.2d 1101 (La. Ct. App. 1997) (increasing jury award of $115,000 in lost earnings to over $650,000 for a herniated disk preventing a fifty-one-year old man from doing manual labor); ***Carter v. Harrison***, 684 So.2d 546, 549-50 (La. Ct. App. 1996) (affirming jury's general damages award of $150,000 for cervical and lumbar injuries).

***AFFIRMED***